UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RICKY D. CHEERS,

        Plaintiff,

        v.                                         Case No. 25-cv-671-bhl

DWILETTE ARCHER, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Ricky D. Cheers, who is currently serving a state prison sentence at the Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Cheers' motion for leave to proceed without prepayment of the filing fee and to screen the complaint. Dkt. Nos. 1 & 2.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Cheers requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). Dkt. No. 2. A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Cheers has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $14.41. Accordingly, the Court will grant Cheers' motion for leave to proceed without prepayment of the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Cheers is an inmate at the Milwaukee Secure Detention Facility. Dkt. No. 1. Defendants are Health Services Manager (HSM) Dwilette Archer, Dr. Buono, Warden Steven Johnson, Probation Officer (PO) Erika Smith, Administrative Law Judge (ALJ) Martha Carlson, Administrator Brian Hayes, and State Public Defender (SPD) Eric Hailstock. *Id*. at 1.

On July 9, 2024, Cheers had a "Spontaneous Coronary Artery Dissection" that was so serious he thought he was going to die. *Id*. at 2. Emergency Room doctors performed a "stent procedure" that left Cheers immobile and hospitalized for over 14 days. *Id*. Following the hospitalization, when Cheers returned to the institution, HSM Archer and Dr. Buono failed to acknowledge or treat his complaints of pain; and they refused to order the recommended treatment of "cardiac rehabilitation." *Id*. at 1-2. They essentially acted like nothing had happened to him even though he had just been hospitalized for 14 days. *Id*. Cheers claims that the failure to provide follow-up medical care and/or order cardiac rehabilitation has caused significant pain, increased chest congestion, and difficulty breathing. *Id*.

Cheers claims that he complained about his heart condition to Warden Johnson, but the warden did not act to secure proper medical care. *Id*. at 2. Cheers also complained about his heart condition to PO Smith, ALJ Carlson, and Administrator Hayes during his revocation proceedings, but they too did not act to help secure proper medical care. *Id*. at 2-4. PO Smith, ALJ Carlson, and Administrator Hayes allegedly indicated that his medical care/heart condition has nothing to do with the revocation process; and that the relevant question before them was whether or not he committed a violation. *Id*. at 2-3. They refused to consider his heart condition during his

3

revocation proceedings or act to secure the "cardiac rehabilitation" he needed. *Id*. Cheers states that SPD Hailstock did not represent him properly in his revocation appeal because he was "unprofessional." *Id*. at 4. For relief, Cheers seeks monetary damages and "review of my revocation decision to reflect a fair and proper punishment that is not excessive." *Id*.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. *Cesal v. Moats*, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). To state a claim, Cheers must allege an objectively serious medical condition and an official's deliberate indifference to that condition. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the inmate's health. *Farmer v. Brennan*, 511 U.S. 825, 836-38 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Cheers alleges that he had a Spontaneous Coronary Artery Dissection in July 2024 that resulted in a 14-day hospitalization. He alleges that, once he returned to the institution, HSM

4

Case 2:25-cv-00671-BHL    Filed 09/03/25    Page 4 of 8    Document 10

Archer and Dr. Buono acted like nothing had happened to him and provided no follow-up medical care for the heart condition that hospitalized him. They allegedly ignored a recommendation for "cardiac rehabilitation." Cheers continues to experience significant pain, increased chest congestion, and difficulty breathing. Based on these allegations, the Court can reasonably infer that HSM Archer and Dr. Buono may have been deliberately indifferent towards a serious medical condition. Therefore, Cheers may proceed on an Eighth Amendment deliberate indifference claim against HSM Archer and Dr. Buono in connection with the failure to properly treat his heart condition at the Milwaukee Secure Detention Facility following his Spontaneous Coronary Artery Dissection in July 2024.

The Court will dismiss the remainder of the defendants from the case. First, it is clear from the complaint that Warden Johnson, PO Smith, ALJ Carlson, Administrator Hayes, and SPD Hailstock are not medical care providers. This means that they do not have the personal responsibility (or expertise) to supervise/override medical care decisions made by medical staff; and they are entitled to defer to Cheers' medical team on issues involving his medical care. *Burks v. Raemisch*, 555 F.3d 592, 593-95 (7th Cir. 2010); *see also Gevas v. Mitchell*, 492 F. App'x 654, 660 (7th Cir. 2012) (noting that "prison directors and wardens are entitled to relegate to the prison's [ ] staff" matters that do not require their expertise as a prison administrator.). Second, Cheers' complaint against PO Smith, ALJ Carlson, Administrator Hayes, and SPD Hailstock is really a complaint about the outcome of his parole revocation decision. Indeed, he asks the Court to order "review of [his] revocation decision to reflect a fair and proper punishment that is not excessive." Dkt. No. 1 at 4. But this Court does not have the authority to collaterally challenge a parole revocation decision through a Section 1983 claim. *See Preiser v. Rodriguez,* 411 U.S. 475, 488-90 (1973) (holding that the federal habeas corpus statute, 28 U.S.C. §2254, is the exclusive remedy

for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release); *see also Heck v. Humphrey*, 512 U.S. 477 (1994). Moreover, even if the Court did have authority to collaterally challenge a parole revocation decision, that claim would belong in a different lawsuit because it involves different facts, defendants, and legal issues than the medical care claim proceeding through this lawsuit. *See* Fed. R. Civ. P. 18 & 20; *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Therefore, the Court will dismiss Warden Johnson, PO Smith, ALJ Carlson, Administrator Hayes, and SPD Hailstock from the case.

## CONCLUSION

The Court finds that Cheers may proceed on an Eighth Amendment deliberate indifference claim against HSM Archer and Dr. Buono in connection with the failure to properly treat his heart condition at the Milwaukee Secure Detention Facility following his Spontaneous Coronary Artery dissection in July 2024.

**IT IS THEREFORE ORDERED** that Cheers' motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Warden Johnson, PO Smith, ALJ Carlson, Administrator Hayes, and SPD Hailstock are **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Cheers' complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on HSM Archer and Dr. Buono.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, HSM Archer and Dr. Buono shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Cheers shall collect from his institution trust account the **$335.59** balance of the filing fee by collecting monthly payments from Cheers' prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Cheers is transferred to another institution, the transferring institution shall forward a copy of this Order along with Cheers' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Cheers is located.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Cheers is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Cheers may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on September 3, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge