UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RICKY D. CHEERS,

                      Plaintiff,

v.                                                      Case No. 25-cv-0671-bhl

DWILETTE ARCHER et al.,

                      Defendants.

---

## DECISION AND ORDER

---

      Plaintiff Ricky Cheers is representing himself in this 42 U.S.C. §1983 case, in which he alleges that Defendants were deliberately indifferent to his serious heart condition while he was confined at the Milwaukee Secure Detention Facility. On January 26, 2026, Defendants moved for summary judgment on the ground that Cheers failed to exhaust the available administrative remedies before he filed this lawsuit. Dkt. No. 21. The Court notified Cheers that his response materials were due by February 25, 2026. The Court warned Cheers that if he did not respond by the deadline, the Court would accept all facts asserted by Defendants as true and would decide the motion without his input. *See* Civil L. R. 56(b)(4). The deadline passed, and Cheers did not respond to the motion.

      The Court has reviewed Defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Defendants are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants and deemed true as a result of Cheers' failure to respond, the Court finds that Cheers did not complete the grievance process before he filed this lawsuit. *See* Dkt. No. 23 at ¶¶7-10. Accordingly, Defendants are entitled to summary judgment, and this action must be dismissed without prejudice. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment.")

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment based on Cheers' failure to exhaust the administrative remedies (Dkt. No. 21) is **GRANTED**, and this action is **DISMISSED without prejudice**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 3rd day of March, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.